UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GREGORY TYRONE HARRIS,

    Plaintiff,

v.                                               Case No. 8:09-cv-1595-T-33TBM

SAMI THALJI, JOE VIGIL,
ALBERT CANCHOLA, ROBERT
AIKINS, JOHN ROGLS,

    Defendants.
_____

## O R D E R

The Court has for its consideration the pro se prisoner Plaintiff's civil rights complaint filed against Defendants pursuant to 42 U.S.C. § 1983. The Court has undertaken a preliminary screening of Plaintiff's complaint in accord with 28 U.S.C. § 1915A. After doing so, the Court concludes that the complaint is due to be dismissed for failure to state a claim upon which relief may be granted because it is apparent from the face of the complaint that Plaintiff's claims are barred by the statute of limitations and that Plaintiff is attempting to raise claims in this 42 U.S.C. § 1983 complaint that he could or should have raised in his 28 U.S.C. § 2254 petition for writ of habeas corpus.

### Plaintiff's Allegations

Plaintiff alleges that "Respondent's knowingly used false testimony at trial and suppressed material evidence depriving Mr. Harris of loss of liberty caused by unlawfully

prosecution for alleged deviations [sic] in violation of Mr. Harris' United States Constitutionly [sic] amend [sic] rights."

In support, Plaintiff contends that State Prosecutor Thalji, Tampa Police Officers Joe Vigil, Albert Canchola, adult cinema video center store owner Robert Aikins and store clerk John Rogls allegedly conspired to unlawfully charge and convict him causing him loss of liberty and other grievous injury in violation of due process of law. Plaintiff claims that on December 21, 2001, John Rogls "hit the silent panic alarm" dispatching Tampa police officers Joe Vigil and Albert Canchola to the adult cinema video store to investigate a 12:45 p.m. robbery call. Plaintiff alleges that subsequently, at a February 10, 2002 deposition, John Rogls testified untruthfully under oath during a deposition. He also alleges that the defendants testified falsely during Plaintiff's 2002 criminal trial.

Plaintiff seeks "permanent discharge dismissing strong arm robbery charge with prejudice so that Mr. Harris is immediately freed from unlawful detention." Plaintiff "demands $2.7 million in actual and exemplary damages from each defendant plus a total of $20,000 dollars attorney fees."

**Plaintiff's Claims Are Barred by the Running of the Statute of Limitations**

Plaintiff's claims accrued not later than the time of his 2002 trial, more than six years ago. The proper limitations period for all section 1983 actions in Florida is the four-year limitations period set forth in Fla. Stat. § 95.11(3). "The expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous." Clark v. State of Georgia Pardons and Paroles Board, 915 F.2d 636, 640 n.2 (11th Cir. 1990) (citation omitted). The United States Supreme Court interprets the dictates of section 1988 as requiring in all section 1983 actions the application of the state

limitations statute governing personal injury claims. Wilson v. Garcia, 471 U.S. 261, 276-79 (1985); Mullinax v. McElhenney, 817 F.2d 711, 716 n.2 (11th Cir. 1987). Thus, under Wilson, the proper limitations period for all section 1983 actions in Florida is the four-year limitations period set forth in Fla. Stat. § 95.11(3), and Plaintiff's claims are barred by the running of the four-year limitations period.

**Plaintiff's Claims Are in the Nature of Habeas Corpus**

Plaintiff filed a 28 U.S.C. § 2254 petition for writ of habeas corpus in case no. 8:06-cv-1582-T-27TGW. The petition was denied, and Plaintiff is currently appealing the denial of his claims. (See copy of order denying the petition attached). Because Plaintiff's present claims are in the nature of habeas corpus, Plaintiff could or should have raised his claims in his petition for writ of habeas corpus.

Accordingly, the Court orders:

That Plaintiff's complaint is dismissed. The Clerk is directed to terminate any pending motions, to enter judgment against Plaintiff and to close this case.

ORDERED at Tampa, Florida, on August 31, 2009.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Gregory Tyrone Harris
Attachment